UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DIAMOND TRUCKING, INC., | ) | Case No. 3:18-CV-140 JD |
| | ) | |
| Debtor. | ) | Bankr. Case No. 16-32627 |
| | ) | Chapter 7 |

## **OPINION AND ORDER**

On February 8, 2018, the bankruptcy court issued two orders: (1) the Order Granting
Motion for Rule 2004 Examination (the "Rule 2004 Order") [Bkr Case No. 16-32627 DE 68];
and (2) the Order Granting Motion for Waiver of Attorney-Client and Work Product Privileges
(the "Privilege Order"). [Bkr. DE 69] Together, the Orders permit creditor Central States,
Southeast and Southwest Areas Pension Fund ("Central States") to investigate Chapter 7 debtor
Diamond Trucking, Inc. and several affiliated non-debtor third parties under Rule 2004 of the
Federal Rules of Bankruptcy Procedure over any attorney-client or work product privileges
Diamond Trucking may hold as to its pre-bankruptcy communications. Diamond Trucking now
appeals these Orders, as do the third parties subject to the Rule 2004 Order: DT Leasing, LLC;
Shoshone Trucking, LLC; Ms. Teresa J. Pendleton; and the law firm Scopelitis, Garvin, Light,
Hanson & Feary, P.C. (collectively, the "Non-Debtors"). Although the parties have briefed the
merits, Central States has moved to dismiss these appeals pursuant to Rule 12(b)(1) for lack of
subject matter jurisdiction. [DE 5] Also pending before the Court is Diamond Trucking's motion
to consolidate appeals. [DE 3] For the reasons stated herein, the Court will grant Central States's
motion to dismiss and deny as moot the outstanding motion to consolidate appeals.

## BACKGROUND

Diamond Trucking filed for bankruptcy under Chapter 7 on December 14, 2016. Its largest creditor, Central States (a pension plan), maintains that Diamond Trucking failed to remit contributions pursuant to various collective bargaining agreements. When Diamond Trucking ceased operations on August 24, 2014, it effectively withdrew from the pension plan, thereby incurring $4,649,785.19 in principal liability to Central States. The actions of Diamond Trucking's shareholders taken shortly before and after that date, however, provide the impetus for Central States's Rule 2004 examination.

In February 2013, Diamond Trucking's then-shareholders (Teresa Pendleton and her three brothers) formed DT Leasing. An attorney at Scopelitis prepared DT Leasing's articles of incorporation and serves as its registered agent. According to Central States, one month later, Diamond Trucking apparently transferred its assets—40-50 tri-axle dump trucks—to DT Leasing, and DT Leasing immediately turned around and leased the trucks back to Diamond Trucking until Diamond Trucking ceased operations. Shortly after this close of business, Ms. Pendleton acquired ownership of Shoshone Trucking and then allegedly used Shoshone Trucking to continue Diamond Trucking's operations. Shoshone Trucking services Diamond Trucking's old clients, employs Diamond Trucking's former drivers and dispatcher, and uses the same dump trucks passed between DT Leasing and Diamond Trucking. Ms. Pendleton serves as the president for Diamond Trucking, DT Leasing, and Shoshone Trucking.

Central States believes Appellants undertook these actions in an effort to evade withdrawal liability and defraud Diamond Trucking's creditors by stripping it of its value, and that Scopelitis advised Diamond Trucking in this regard. On September 12, 2017, Central States moved to conduct a Rule 2004 examination of Ms. Pendleton, Scopelitis, and these entities, and

the Trustee supported the motion. [Bkr. DE 23] The Trustee waived Diamond Trucking's attorney-client and work product privileges, and Central States moved the bankruptcy court to accept said waiver with regard to Diamond Trucking's pre-bankruptcy communications. [Bkr. DE 24] The bankruptcy court heard argument on these motions on February 6, 2018, and granted the relief requested two days later. These appeals followed.

## STANDARD

Rule 12(b)(1) authorizes dismissal of claims over which the Court lacks subject matter jurisdiction. In analyzing a motion to dismiss, the Court must accept as true all well-pled factual allegations and must draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Further, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citations omitted). The burden of establishing proper federal subject matter jurisdiction rests on the party asserting it. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

## DISCUSSION

A district court has jurisdiction to consider appeals from final orders of a bankruptcy court or may grant leave to appeal "from other interlocutory orders and decrees[.]" 28 U.S.C. §§ 158(a)(1), (3). Appellants argue that the Orders are "final" for purposes of appeal, and therefore insist that jurisdiction exists under § 158(a)(1). The Non-Debtors alternatively attempt to invoke the *Perlman* doctrine to override the jurisdictional statute's finality requirement. In addition, Appellants maintain that this case presents exceptional circumstances warranting leave to appeal under § 158(a)(3). The Court does not agree with any of these positions.

1.      **The Court Lacks Subject Matter Jurisdiction Under 28 U.S.C. § 158(a)(1)**

"Finality in the bankruptcy context is 'considerably more flexible than in an ordinary civil appeal.'" *In re Dental Profile, Inc.*, No. 09 C 6160, 2010 WL 431590, at *3 (N.D. Ill. Feb. 1, 2010) (quoting *Zedan v. Habash*, 529 F.3d 398, 402 (7th Cir. 2008)). Analyzing the near-identical language of § 158(d), the Seventh Circuit has endorsed a "stand-alone" test to determine finality, "which asks whether an order resolves a discrete dispute that, but for the continuing bankruptcy, would have been a stand-alone suit by or against the trustee." *Schaumburg Bank & Trust Co., N.A. v. Alsterda*, 815 F.3d 306, 313 (7th Cir. 2016) (citing *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015); *Zedan*, 529 F.3d at 402). "To be 'final,' the order, judgment, or decree in question must conclusively determine a separable dispute over a creditor's claim or priority." *Id.* (citations omitted); *see also In re Comdisco, Inc.*, 538 F.3d 647, 651 (7th Cir. 2008) ("The final disposition of an adversary proceeding within a core proceeding thus falls within our jurisdiction.") (citing *id.*). An order that resolves "only an issue that arises during the administration of a bankruptcy estate is too small a litigation unit to justify treatment as a final judgment." *Id.* Such orders resolve "discrete *issues*" and do not supply jurisdiction.

Neither the Rule 2004 Order nor the Privilege Order in any way "resolve a discrete dispute." Instead, the Orders resolve two discrete issues within the bankruptcy proceedings: whether Diamond Trucking and the Non-Debtors must submit to a Rule 2004 examination and whether Diamond Trucking's pre-bankruptcy communications are protected by the attorney-client and work product privileges. *See id* at 651-52 (dismissing appeal for lack of jurisdiction; bankruptcy court's order denying motion to terminate trust resolved only one particular issue within the bankruptcy proceedings—whether the trust's purposes had been fulfilled—not a

"discrete dispute"). In the Seventh Circuit, orders granting motions for Rule 2004 examinations, like discovery orders, do not resolve discrete disputes and thus do not confer appellate jurisdiction; they are interlocutory as a categorical matter. *Matter of Vance*, 165 F.3d 34 (Table), (7th Cir. 1998). "A majority of courts" to have considered this issue have held the same, *id.* (citing cases that surveyed relevant opinions), and that trend has continued post-*Vance*. *See, e.g.*, *Dental Profile*, 2010 WL 431590 (finding Rule 2004 order not final for purposes of § 158(a)(1) and dismissing its appeal); *In re Santiago*, No. 1:11-Cv-561, 2011 WL 1257209, at *2 (N.D. Ohio Mar. 31, 2011) (order granting Rule 2004 examination did not dispose of a discrete dispute within the bankruptcy case but rather authorized search for information that may lead to additional disputes therein); *In re Gray*, 447 B.R. 524, 532 (E.D. Mich. 2011) (same, citing *Dental Profile*). The Rule 2004 Order does not resolve any discrete disputes; like the district courts' observations in *Santiago* and *Gray*, the Order here leaves the door open for additional, new issues that would require the bankruptcy court's analysis. Thus, it is not a final order for purposes of § 158(a)(1).

The same goes for the Privilege Order. In the analogous setting of motions to compel discovery, "orders to produce information over strong objections based on privilege are not appealable, despite the claim that once the cat is out of the bag the privilege is gone." *Reise v. Bd. of Regents of the Univ. of Wis. Sys.*, 957 F.2d 293, 295 (7th Cir. 1992). Such orders "at most resolve[ ] a discrete issue, not a discrete dispute." *In re Royce Homes LP*, 466 B.R. 81, 88 (S.D. Tex. 2012) (discussing the Seventh Circuit's flexible finality standard as consistent with that of the Fifth Circuit). The district court in *Royce Homes* dismissed an appeal of the bankruptcy court's Rule 2004 order compelling production of documents that the owner of the debtor-entity claimed were privileged. In so doing, the court noted that the order resolved no claims and left

the bankruptcy court with "more work to do between the parties." *Id.* at 88. Similarly here, the Rule 2004 Order resolves no claims, and the fact that Diamond Trucking's pre-bankruptcy communications must be made available does not change that. Therefore, like the Rule 2004 Order, the Privilege Order cannot be immediately appealed under § 158(a)(1). *See id.*; *In re Protron Digital Corp.*, No. EDCV 10-00941, 2011 WL 1585564, at *3 (C.D. Cal. Apr. 27, 2011) (dismissing appeal of bankruptcy court's order compelling production of otherwise privileged documents; such order was not final for purposes of § 158(a)(1)); *Brookins v. Coldwell Banker*, No. 02 C 3425, 2003 WL 1720028, at *1 (N.D. Ill. Mar. 31, 2003) (same).

Appellants do not cite a single opinion in which a court has held that an order granting or denying a motion for a Rule 2004 examination or an order compelling production of privileged material was final for the purposes of § 158(a)(1). Instead, Appellants attempt to distinguish the holding in *Vance* on the grounds that it pertained to a Rule 2004 order directed only toward an individual debtor, as opposed to the Rule 2004 Order here, which applies to Diamond Trucking and the Non-Debtors alike. Appellants, however, provide no reason as to why this distinction should make a difference—and neither did the panel in *Vance*. Indeed, Appellants ignore the several cases cited by Central States, in which the courts determined that Rule 2004 orders directed at *non-debtors* were not final. *See, e.g.*, *Dental Profile*, 2010 WL 431590, at *3 (rejecting appellants' identical attempt to distinguish *Vance* and finding bankruptcy court's Rule 2004 order for examination of non-debtors interlocutory); *Santiago*, 2011 WL 1257209, at *2 (finding Rule 2004 order directed at creditor was not final); *In re Midwest Video Games, Inc.*, No. 98 C 3836, 1998 WL 395152, at *2 (N.D. Ill. July 9, 1998) (finding Rule 2004 order authorizing examination of non-debtors was not a final order). Because of this, and for all the reasons stated above, Appellants may not appeal the Orders as of right under § 158(a)(1).

**2.      The *Perlman* Doctrine is Inapplicable**

The Non-Debtors separately argue that this Court may still entertain their appeals by way of the *Perlman* doctrine. [DE 10 at 10-11; DE 12 ¶¶ 21-23][1] Taken from the Supreme Court's decision in *Perlman v. United States*, 247 U.S. 7 (1918), the *Perlman* doctrine creates an exception to the general finality requirement: "a party claiming a privilege may appeal immediately when the judge directs a non-party holding the documents to disclose them." *Burden-Meeks v. Welch*, 319 F.3d 897, 900 (7th Cir. 2007). "The rationale for the *Perlman* exception is that 'intervention and appellate review provide those holding the privilege some means of preserving confidential matters.'" *United States v. Calandra*, 706 F.2d 225, 228 (7th Cir. 1983) (quoting *In re Nov. 1979 Grand Jury, Velsicol Chem. Corp. v. United States*, 616 F.2d 1021, 1025 (7th Cir. 1980)).

The *Perlman* doctrine, however, does not apply to the Non-Debtors' appeals. The underlying Privilege Order only waives the attorney-client and work product privileges held by *Diamond Trucking*, the Chapter 7 debtor: "The court now approves Chapter 7 Trustee Joseph D. Bradley's waiver of attorney-client and work product privileges and GRANTS the motion. Debtor Diamond Trucking, Inc.'s attorney-client and work product privileges are deemed waived." [Privilege Order at 2] The Privilege Order did not deem waived any privilege of the Non-Debtors. They are not the privilege holders here and therefore cannot assert the *Perlman* doctrine to circumvent § 158(a)(1)'s finality requirements. *See United States v. Davis*, 1 F.3d 606, 607 (7th Cir. 1993) (The *Perlman* doctrine "permits *the holder of a privilege* to intervene in order to assert the privilege and to appeal from the rejection of the assertion.") (emphasis added); *United States v. Beltramea*, 831 F.3d 1022, 1024 (8th Cir. 2016) ("The [*Perlman*] exception is

---

[1] Diamond Trucking does *not* rely on the *Perlman* doctrine in support of its appeal.

limited to an appeal by the privilege holder.") (citing *In re Grand Jury*, 705 F.3d 133, 144 (3d Cir. 2012)); *Doe No. 1 v. United States*, 749 F.3d 999, 1006 (11th Cir. 2014) ("[O]nly claimants of a privilege may appeal under the *Perlman* doctrine."); *United States v. James T. Barnes & Co.*, 758 F.2d 146 (6th Cir. 1985) (holding that custodian of documents could not avail itself of the *Perlman* doctrine because it was not the privilege holder).[2]

**3.     The Court Declines Leave for Interlocutory Appeal Under 28 U.S.C. § 158(a)(3)**

Lastly, Appellants argue that, regardless of finality, the Court should exercise its discretion to hear their appeals of the Orders under § 158(a)(3), which grants the Court jurisdiction to hear appeals "with leave of the court, from other interlocutory orders and decrees[.]" While no guidance is given under § 158(a)(3) as to when a district court should exercise its jurisdiction to entertain an interlocutory appeal, many district courts look to the standards for granting an interlocutory appeal under 28 U.S.C. § 1292(b). *In re Eastern Livestock Co.*, No. 4:12-cv-126, 2013 WL 4479080, at *6 (S.D. Ind. Aug. 30, 2013); *In re Archdiocese of Milwaukee*, 482 B.R. 792, 797 (E.D. Wis. 2012). Section 1292(2) permits an interlocutory appeal if it meets the following criteria: the appeal (1) involves a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Eastern Livestock*, 2013 WL 4479080, at *6. "Ultimately, the party seeking an interlocutory appeal must show that 'exceptional circumstances justify a departure from the basic policy of postponing appellate

---

[2] As a result, the Court need not opine on whether the Supreme Court's decision in *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009), abrogated *Perlman*, or whether Scopelitis qualifies as a disinterested third party under the exception—points that the parties contest.

review until after the entry of a final judgment.'" *Archdiocese of Milwaukee*, 482 B.R. at 797 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).[3]

### a. *Controlling Questions of Law*

The present appeals fail all three prongs of this test. First, Appellants have not shown that their appeals involve controlling questions of law. "'Controlling question of law' has been interpreted by the Seventh Circuit to be a 'pure' question of law, 'something the court of appeals could decide quickly and cleanly without having to study the record' in order to resolve factual disputes." *Eastern Livestock*, 2013 WL 4479080, at *6 (quoting *Arenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000)). The appealed Orders involve matters within the bankruptcy court's discretion, and therefore do not involve controlling questions of law. *See In re Am. Specialty Cars, Inc.*, 386 B.R. 187, 196 (E.D. Mich. 2008) ("A legal question of the type envisioned in § 1292(b) … generally does not include matters within the discretion of the trial court. Interlocutory appeals are intended for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.") (citations and internal quotation marks omitted); *In re Auto. Prof'ls, Inc.*, 379 B.R. 746, 760 (N.D. Ill. 2007) (declining appellate review of issue that "[did] not clearly present a controlling and contestable issue of law (but instead a matter within the bankruptcy court's discretion)").

Furthermore, the appeals here mainly challenge the scope of the Rule 2004 examination and the associated privilege waiver ordered by the bankruptcy court. Reviewing these issues on interlocutory appeal would require this Court to take a deep dive into the underlying arguments

---

[3] Appellants' failure to file a motion for leave to appeal "is not fatal … as the district court may 'treat the notice of appeal as a motion for leave and either grant or deny it.'" *880 S. Rohlwing Rd. v. T&C Gymnastics, LLC*, No. 16-cv-07650, 2017 WL 264504, at *4 (N.D. Ill. Jan. 19, 2017) (quoting Fed. R. Bankr. P. 8004(d)).

made by the parties and the factual record to determine whether the examination and the privilege waiver, as ordered, comply with Rule 2004 and the principles governing attorney-client and work product privileges. Thus, the Court cannot decide the issues "quickly and cleanly without having to study the record" as contemplated by *Arenholz*, and so the appeals do not involve controlling questions of law. *See Gray*, 447 B.R. at 534 (holding that Rule 2004 order did not involve a controlling question of law because "the Court would have to first determine whether the Bankruptcy Court did the things alleged before it would proceed to determining whether it erred or abused its discretion in doing so."); *Brookins,* 2003 WL 1720028, at *2 (holding bankruptcy court's discovery order compelling production of documents over an asserted claim of privilege did not involve a controlling question of fact; "[e]ven if disclosure of the information … ultimately impacts the course of the underlying action, the bankruptcy court's order, standing alone, is not dispositive of any controlling legal issue.").

      b.     *Substantial Ground for Difference of Opinion*

To satisfy the "substantial ground for difference of opinion" element, Appellants must demonstrate a "'substantial likelihood' exists that the interlocutory order will be reversed on appeal." *Trustees of Jartran, Inc. v. Winston & Strawn*, 208 B.R. 898, 901 (N.D. Ill. 1997). Appellants point to *In re J & R Trucking, Inc.*, 431 B.R. 818 (N.D. Ind. 2010), as evidence of a substantial difference in opinion regarding the permissible scope of Rule 2004. In that opinion, the bankruptcy court denied two pension funds' motions for Rule 2004 examinations because the movants sought to use the Rule to identify third party entities rather than simply investigate the debtor. *See generally, id.*[4] But the Court need not parse the ruling in *J & R Trucking*, nor must it

---

[4] *J & R Trucking* did not address the attorney-client and work product privileges at all, and so it does not provide any guidance on whether a difference of opinion exists as to a bankruptcy trustee's ability to waive those privileges on behalf of the debtor.

compare the Rule 2004 Order here against the ones sought by the movants therein. The *J & R Trucking* order was that of a bankruptcy court, decided as a matter of discretion, and thus it has no controlling or binding authority on this Court. Moreover, *J & R Trucking* is the *only* opinion provided by Appellants to support the existence of a difference in opinion, and relying on that sole decision to overturn the Orders here would cut against the grain of authority that "almost all interlocutory appeals from discovery orders … end in affirmance (the district court possesses discretion, and review is deferential)." *Reise*, 957 F.2d at 295; *Dental Profile*, 2010 WL 431590, at \*4 (citing *Reise* and determining no substantial ground for difference of opinion existed to permit appeal of interlocutory Rule 2004 order); *see also Brookins*, 2003 WL 1720028, at \*2 (finding no substantial ground for difference of opinion where appellant failed to "set forth a sufficient number of conflicting decisions regarding the claimed controlling issue of law."); *Carlson v. Brandt*, Nos. 97 C 2165, 96 B 9606, 97 C 3630, 1997 WL 534500, at \*6 (N.D. Ill. Aug. 22, 1997) (same). Therefore, Appellants have not shown that a substantial likelihood exists that the Order will be overturned on this Court's review. And even if *J & R Trucking* provided enough difference in opinion to support this second element, Appellants still fail to satisfy the first (above) and third (below) requirements for appealable interlocutory orders.

      *c.*     *Materially Advance the Ultimate Termination of the Case*

Third, allowing an immediate appeal in this case would not materially advance the ultimate termination of the underlying bankruptcy litigation. In arguing the contrary, Appellants point to the bankruptcy court's order denying Central States's motion to reconsider a stay pending this appeal, where the bankruptcy court stated:

> The court finds that the outcome of the motions on appeal will directly affect the outcome of this bankruptcy case. Should the Appellants prevail on their appeal that decision can drastically alter the direction of the administration of the

> Debtor's bankruptcy estate. Any delay caused by the appeal will not effect [sic] the administration of the bankruptcy case.

[Bkr. DE 102 at 4] The Court does not interpret the bankruptcy court's language to mean that this appeal will materially advance resolution of the bankruptcy case. The Orders being appealed here do not raise a roadblock in the underlying bankruptcy case requiring resolution before the litigation may advance. The parties can proceed through the Rule 2004 examination, and if indeed the examination yields nothing, Appellants will be in the same position as if this Court entertained their appeal *and* found in their favor, but in shorter time. Moreover, Appellants' success on the merits is only prospective in nature, which further calls into question the efficiency of their appeal. *See Dental Profile*, 2010 WL 431590, at *4 (declining leave to appeal Rule 2004 order where the district court could not "determine how the order and the consequent Bankruptcy Rule 2004 examination will affect the outcome of the litigation until the information sought by the order is produced."). The bankruptcy court's order denying reconsideration of a stay did not overlook this: "*Should* the Appellants prevail on their appeal that decision *can* drastically alter the direction of the administration of the Debtor's bankruptcy estate." [Bkr. DE 102 at 4] (emphasis added).

The information subject to the Rule 2004 Order pertains to Appellants' transactions among one another, specifically, transfers of assets, business operations, and ownership. These very issues are hampering the resolution of the underlying case and the creditors' ability to collect on Diamond Trucking's withdrawal liability. Thus, allowing an appeal from the Orders at this point "would only result in more delays and costs" rather than a material advancement of the case. *Dental Profile*, 2010 WL 431590, at *4 (finding appeal of Rule 2004 order would only hinder advancement of the underlying case where transaction history of appellants comprised the primary issue holding up the bankruptcy litigation); *see also Gray*, 447 B.R. at 534 ("[I]n light of

the role of Rule 2004 examinations in pre-litigation discovery, the current appeal, if permitted, would prolong rather than hasten the termination of the litigation."); *Midwest Video Games*, 1998 WL 395152, at *2 ("[R]esolution of [non-debtor's appeal of Rule 2004 order] will multiply, as opposed to streamline, the proceedings."); *Brookins*, 2003 WL 1720028, at *2 (finding third prong not met for appeal of order compelling production of otherwise privileged documents, noting reluctance to "permit piecemeal appeals of discovery questions best left to the discretion of the bankruptcy judge."). The Court thus declines to grant Appellants leave to appeal the Orders. "To routinely permit separate appeals as to each distinct claim or issue raised … would obviously undermine the finality rule entirely." *Jartran v. Fruehauf*, 886 F.2d 859, 863 (7th Cir. 1989).

## CONCLUSION

For all the reasons stated above, the Court **GRANTS** Central States's motion to dismiss the appeals [DE 5] and **DISMISSES** this matter, with prejudice. Furthermore, the Court **DENIES** Diamond Trucking's motion to consolidate appeals as moot. [DE 3]

SO ORDERED.

ENTERED:  January 24, 2019

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court